IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 1 3 2012

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

**JONATHAN BRUCE COLLINS,**

    Plaintiff,

v.

FULTON COUNTY SCHOOL
DISTRICT, NICK CASSIDY, in his
official and individual capacity, and
CHRISTINE YOUNG, in her official
and individual capacity,

    Defendants.

CIVIL ACTION FILE NO.

**1 12·CV-1299**

**-ODE**

## **COMPLAINT**

COMES NOW the Plaintiff Jonathan Bruce Collins, who hereby seeks

damages against Defendant Fulton County School District for violations of

Title VII of the Civil Rights Act of 1964 as amended, the Age

Discrimination in Employment Act, and the Americans with Disabilities

Act; damages against all Defendants for violations of the 1st Amendment and

the Equal Protection Clause of the 14th Amendment to the U.S. Constitution;

damages against Defendant Fulton County School District for breach of

contract; and a declaratory judgment establishing that Defendant Fulton

County School District breached the terms of a negotiated settlement

agreement with Plaintiff and that Plaintiff therefore is entitled to resurrect a

prior race discrimination claim against the School District.

## JURISDICTION AND VENUE

1.

This action arises under the authority vested in this court by 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and by the Court's pendant jurisdiction over related state law claims  Venue is proper in this court.

## PARTIES

2.

Plaintiff Jonathan Bruce Collins is a United States citizen.  Plaintiff is a white male who is over the age of 40.  Plaintiff resides in Morganton, Georgia and is a resident of Fannin County, Georgia.

3.

Defendant Fulton County School District is a body corporate and politic and a political subdivision of the State of Georgia, duly established under its laws and Constitution.

4.

Defendant Christine Young was at all times pertinent to this action the

principal of Spalding Drive Elementary School and Plaintiff's superior. She is sued in her individual and official capacity as an employee of the Fulton County School District. Defendant Young was at all times pertinent hereto acting under color of state law.

5.

Defendant Nick Cassidy was at all times pertinent to this action the assistant principal of Spalding Drive Elementary School and Plaintiff's superior. He is sued in his individual and official capacity as an employee of the Fulton County School District. Defendant Cassidy was at all times pertinent hereto acting under color of state law.

## SATISFACTION OF ADMINITRATIVE PREREQUISITES

6.

Plaintiff timely filed his EEOC Charges alleging unlawful employment practices under Title VII of the Civil Rights Act of 1964 as amended, the Age Discrimination in Employment Act ("ADEA") and the American's with Disabilities Act ("ADA"). Plaintiff received a right to sue from the EEOC on these claims and has timely filed this action within 90 days thereof. *See* attached Exhibit 1.

## FACTUAL ALLEGATIONS

7.

There are multiple letters from doctors informing the administration of the health conditions of the Plaintiff at that time. As a result of actions taken by the defendants they degraded his health to the point of disability. There, are multiple e-mails between the Plaintiff and the administration about asking and not receiving accommodation. There are letters of concern, letters of direction and e-mails denying accommodation and harassing the Plaintiff from the administration. The administration chose the path of attacking the Plaintiff's performance to terminate rather than accommodating him or directing him towards FMLA or Disability.

8.

In early 1999/2000 Dr. Knapp of Atlanta cardiology diagnosed the Plaintiff with Hypertension and put him on medication for high blood pressure and palpations. Dr. Knapp wrote a letter informing the district that the Plaintiff had this condition and should move him to a school closer to his residence. Even though the Plaintiff lived in Sandy Springs the district assigned him to an elementary school in Fairburn, almost 70 miles from his home.

9.

On 2/23/2004 the Plaintiff was rear ended by two large trucks. The

MRI showed three herniated discs in his back as a result of the wreck. On
4/25/2005 the Plaintiff was rear ended again by an SUV and a Van
exacerbating the herniated discs. All the medical notes were given to the
administration. On 11/4/2005 in an e-mail the Plaintiff asks to be allowed to
sit while writing grades down. Christine Young responded, "Use a clip
board." On 11/17/2005 the Plaintiff receives a threatening e-mail from
Christine Young [know here after as CY] stating, "You should not be in
your office or sitting at a desk in front of the gym during class time for any
reason." On February 2, 2006 Resurgeons orthopedic surgeon writes, It is
recommended he be allowed to change position throughout his workday to
include alternate sitting with standing as needed throughout the day. After
being written up by Nick Cassidy [here after know as NC] for sitting down
at the end of a class, Dr. Chambers writes another note to administration
stating the same as above. On 8/20/09 Dr. Lesch of Georgia Neurology and
Sleep medicine writes, "May need to sit down at times." On 8/21/09 in an e-
mail from the Plaintiff addressed to all administration upper and lower level
the Plaintiff explains that he has severe central/obstruction sleep apnea and
that is driving his blood pressure up to dangerous levels. Dr. Lesch tried a
CPAP on the Plaintiff and it almost killed him because of central apnea. On
8/26/09 Dr. Lesch writes patient may need to nap during lunch. On 9/11/09

Dr. Knapp writes, "He has coronary spasms which can be triggered by uncontrolled blood pressure and stress. It is of primary importance that he maintain, low stress levels." On 9/17/09 the Plaintiff receives a certified letter in the mail from Fulton County Human Resources Director Trenton Taylor stating that here is your teaching schedule where you don't have class form more than two hours at a time, you are to be on the floor demonstrating, interacting and monitoring. On 9/22/09 Dr. Knapp writes, "He has episodes of light headedness and dizziness with elevated blood pressures and secondary to sleep apnea. He should be allowed to sit down to rest for a few minutes to rest if this occurs." Two days later, on 9/24/09 the Plaintiff received a harassing and threatening letter of direction stating, "Purposefully designed a teaching schedule in which you would not be required to stand for more than two hours at a time." In translation the Plaintiff was required to do morning bus duty which lasted for 45 minutes then spend 10 minutes getting PE equipment ready before the students entered the gym, then be on his feet for two hours teaching without being able to sit down. As one class leaves the gym another is coming through the door. The classroom teachers were always late picking up their students because according to them the administration held them too long in grade level meetings. The Plaintiff had to suffer with pain and numbness for two

hours and forty five minutes before he could sit down without being written up. This two hour and forty five minute block happened twice per day once before lunch and again after lunch. So for five hours and thirty minutes per day the Plaintiff was not allowed to sit down regardless of pain, numbness and dizziness. There are other issues about having to leave in an ambulance, not being able to wear a hat to protect a damaged eye etc. that will be discussed further into this case.

10.

If you look at the faculty roster prior to CY becoming principal it will show that she systematically replaced any teachers she could with young females in their 20's. The Plaintiff was replaced by a young female in her 20's and barely out of college. Ms. Adams an older black female with some disabilities was transferred out due to pressure by CY. Mary Carzolli was pressured to retire by CY. Paula Boston pressured to transfer by CY. Jack Fillippone pressured to retire by CY. The list goes on and on. These teachers were replaced by young females in fact the faculty list in 2011 showed 28 females almost all young, two males who are legally married to other men and 1 heterosexual black male.

11.

The principal CY chose to either transfer, pressure a teacher to

transfer or attack a teachers performance so that she could replace the older female or male with a younger female. It was common knowledge among those who taught there that this was CY's practice. She had any older teacher and or male afraid for her job. One teacher who refused to be intimidated was the Plaintiff. She tried to get him to transfer every year for four years. When he would not she orchestrated an attack on his performance causing him to be terminated. In fact the defendants CY and NC violated the Plaintiff's 1st Amendment rights because the Plaintiff was written up for responding to the actions of CY and NC. There are e-mails where the Plaintiff was falsely accused by the defendants and when the Plaintiff tried to correct the mistake he was told that he was not to do that with the insinuation that if he did he would pay dearly for doing it.

12.

In 2001 the Plaintiff was a victim of racial discrimination while teaching at Campbell Elementary in Fairburn a school with 99% black students. While playing a modified baseball game in the gym a black male student didn't like the call and physically slammed the Plaintiff with his forearms. The student was sent to the black female assistant principal. She sent him back to the gym within a couple of minutes with no discipline. The next class two days later with the same students a similar call was made only

8

this time several black boys slammed the Plaintiff. He sat the entire class down knowing that the assistant principal would do nothing and explained to the students that there are people out there in the community that if you do something like this will seriously hurt you. Well that got twisted into all kind of stories. Plaintiff was disciplined by reprimand and suspended for one week. A few weeks later a black teacher told a student who was misbehaving, "I'll tell you what I'll take you in a closet and I bet you I'm the only one coming out!" This was audio recorded and reported to the black assistant principal and nothing was done to the black teacher.   In the agreement the district agreed to move the Plaintiff to a school close to his home, expunge any records in his personnel file dealing with this incident and refrain from retaliation. As a result of other legal action recently where the Plaintiff was injured in two separate cases the damaging information that was to be expunged was sent to two different defense attorneys by the district. The damaging material was exposed to outside entities. The agreement was also used in the documents that brought about the termination of the Plaintiff.

13.

The district failed to expunge the damaging information out of the Plaintiff's file and sent it to others outside the school system. Just the ones

we know about it was sent to the law offices of Home Depot and it was sent to the law offices of Terry Williams. This information is being used against the Plaintiff in two separate legal cases. One would only assume it was also exposed to administration inside the school system who had access to his personnel file.

## CLAIMS FOR RELIEF

### COUNT I: ADA

14.

Plaintiff suffered from health conditions that substantially impaired one or more major life activities.

15.

Plaintiff sought reasonable accommodation for his health conditions from Defendants.

16.

Plaintiff's physicians instructed the School District to allow Plaintiff reasonable accommodations for his health conditions.

17.

Defendants refused to afford Plaintiff the reasonable accommodations he requested, and which were recommended by his physicians.

18.

Defendants criticized Plaintiff and harassed Plaintiff because of his health conditions.

19.

Defendants orchestrated his termination because he suffered from these health conditions, had requested accommodation, and/or because he was perceived to be disabled or otherwise impaired. Defendants harmful actions lead to the eventual total disability of the Plaintiff.

20.

Accordingly, Defendants violated the Americans with Disabilities Act and are liable to Plaintiff for damages.

## COUNT II: ADEA

21.

Defendants exhibited a bias toward younger workers and harassed Plaintiff and orchestrated Plaintiff's termination because of his age.

22.

Accordingly, Defendant Fulton County School District violated the Age Discrimination in Employment Act, and is liable to Plaintiff for damages.

## COUNT III: § 1983

23.

Defendants exhibited a bias toward young and female workers and harassed Plaintiff and orchestrated Plaintiff's termination because of his age and gender.

24.

Plaintiff's injuries were caused by an official policy or custom of the Fulton County School District and/or by a person with authority to set policy for the School District.

25.

Plaintiff was written up and in part terminated for responding to false accusations in violation of his First Amendment rights.

26.

Accordingly, Defendants violated the First Amendment and the Equal Protection Clause of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, and is liable to Plaintiff for damages.

## COUNT IV: TITLE VII, ADEA, ADA RETALIATION

27.

On March 20, 2001, Plaintiff entered into a negotiated settlement with the Defendant Fulton County School District, a copy of which is attached as Exhibit 2, in order to resolve a claim of employment discrimination based on race.

28.

Paragraph 3(a) of this settlement agreement required Defendant Fulton County School District to expunge from all personnel files and other official records a disciplinary action against Plaintiff referenced in the Plaintiff's EEOC charge.

29.

Upon information and belief, Defendant has failed to expunge the referenced disciplinary action and recently sent copies of same to third parties.

30.

By violating the terms of this agreement, Defendants have retaliated against Plaintiff because of his underlying claims of discrimination.

31.

Accordingly, Defendant Fulton County School District violated the non-retaliation provisions of the ADEA, ADA, and Title VII and is liable to Plaintiff for damages.

COUNT V: BREACH OF CONTRACT

32.

On March 20, 2001, Plaintiff entered into a negotiated settlement with the Defendant Fulton County School District, a copy of which is attached as

13

Exhibit 2, in order to resolve a claim of employment discrimination based on race.

33.

Paragraph 3(a) of this settlement agreement required Defendant Fulton County School District to expunge from all personnel files and other official records a disciplinary action against Plaintiff referenced in the Plaintiff's EEOC charge.

34.

Paragraph 3(c) of this settlement agreement required Defendant Fulton County School District to refrain from any retaliatory actions against the Plaintiff.

35.

Upon information and belief, Defendant has failed to expunge the referenced disciplinary action and recently sent copies of same to third parties.

36.

Defendants have retaliated against Plaintiff in violation of this agreement by harassing him and orchestrating his termination because of this agreement and/or because of his underlying claim of race discrimination.

14

37.

Accordingly, Defendant Fulton County School District committed breach of contract and is liable to Plaintiff for damages.

COUNT V: DECLARATORY JUDGMENT

38.

Plaintiff faces uncertainty regarding his rights relating to his prior EEOC claim that he waived in exchange for the conditions set forth in the 2001 Negotiated Settlement Agreement.

39.

Plaintiff is entitled to a Declaratory Judgment under O.C.G.A. § 9-4-2 that Defendant Fulton County School District breached the terms of the 2001 Negotiated Settlement Agreement and that Plaintiff therefore is entitled to resurrect his prior EEOC claim and can file a lawsuit against Defendant Fulton County School System for race discrimination under Title VII of the Civil Rights Act of 1964, as amended.

40.

**WHEREFORE**, Plaintiff prays that the Court:

(a)     Assume jurisdiction over this action;

(b)     Award damages to Plaintiff according to law and in an amount

to be determined by proof and the enlightened conscience of the jury;

    (c)    Award reasonable attorney's fees, expenses, and costs of litigation; and

    (d)    Any further relief that is just and appropriate be granted to Plaintiff.

**A JURY TRIAL IS DEMANDED.**

This __12__ day of __April__, 2012.

BRUCE COLLINS
Pro Se
116 Forest Cove Dr.
Morganton, Ga. 30560
706-374-3232
Collinsj71@live.com



# EXHIBIT #1

The right to sue letters has been issued. Copies from the EEOC will be forwarded to the court as soon as possible to accompany this Complaint. I entrusted them with an attorney who obviously misplaced them. My apologies to the court.

Bruce Collins   4/12/12

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | ~-~40~-03079 |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jonathan B. Collins | (706) 374-3005 | 08-07-1956 |

Street Address / City, State and ZIP Code

**116 Forest Cove Drive, Morganton, GA 30560**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FULTON COUNTY SCHOOLS | 500 or More | (404) 768-3600 |

Street Address / City, State and ZIP Code

**786 Cleveland Avenue, S.W., Atlanta, GA 30315**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest / Latest |
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | 04-16-2010 / 04-16-2010 |
| ☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I began my employment with the above listed organization in August 1994, as a Teacher. My most recent position was a Physical Education Teacher. I have made organization officials aware of my medical conditions, requested reasonable accommodations, and have been denied. On April 16, 2010, I was informed by Cindy Loe, Superintendent, that my contract of employment will not be renewed for the 2010-2011 school year.

II. I was told by Ms. Loe that my contract was not renewed due to a reduction in staff.

III. I believed that I have been discriminated against on the basis of disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended, and my age (53), in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **May 06, 2010**     *Jonathan B. Collins* | RECEIVED MAY 06 2010 |
| Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)     EEOC-ATDO |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 410-2011-04832 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jonathan B. Collins | (706) 374-3005 | 08-07-1956 |

Street Address / City, State and ZIP Code

116 Forest Cove Drive, Morganton, GA 30560

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FULTON COUNTY BOARD OF EDUCATION | 500 or More | (404) 768-3600 |

Street Address / City, State and ZIP Code

786 Cleveland Ave., Atlanta, GA 30315

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION  ☐ OTHER (Specify) | Earliest: 03-11-2011  Latest: 06-01-2011  ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with the above-named employer in 1994, as a Teacher. On or about March 11, 2011, a copy of my personnel file was mailed to me. On or about June 1, 2011, as I was viewing the CD, I learned that certain records that were to be expunged from my files were still there.

No reason was given for not expunging my personnel file.

I believe that I have been retaliated against for previously having opposed unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| Jul 22, 2011    Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Atlanta District Office

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
(404) 562-6800
TTY (404) 562-6801
FAX (404) 562-6909/6910

In the matter of:

EXHIBIT # 2

Charge No.: 110A10465
Charging Party: Jonathan B. Collins
Respondent: Fulton County Board of Education

## NEGOTIATED SETTLEMENT AGREEMENT

1.  The following agreement refers to Charge No. 110A10465 , on file with the Equal Employment Opportunity Commission (EEOC) under Title VII of the Civil Rights Act of 1964, as amended.

2.  In exchange for satisfactory fulfillment by Respondent of the promises contained in paragraph three (3) of this agreement, Charging Party agrees not to initiate a lawsuit with respect to the above referenced charge.

3.  In exchange for the promises of Charging Party contained in paragraph two (2) of this Agreement, the Respondent agrees to:

    a.  Expunge the disciplinary action referenced in the above referenced charge from Charging Party's personnel file, and all other official forms of record.

    b.  Make an effort in good faith to transfer Charging Party to a school closer to his residence before the beginning of the 2001-2002 school year.

    c.  Refrain from any retaliatory actions against the Charging Party for the filing of this charge.

4.  It is understood that this Agreement does not constitute an admission by Respondent of any violation of Title VII of the Civil Rights Act of 1964, as amended.

5.  Respondent agrees to provide written notice to Charles E. Mitchell, Enforcement Supervisor at the Atlanta District Office, within ten (10) days of satisfying each obligation specified on paragraph three (3) of this Agreement.

6.  The parties agree that this Agreement may be specifically enforced in court and may be used as evidence in a later proceeding in which any of the parties allege a breach of this Agreement.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
(404) 562-6800
TTY (404) 562-6801
FAX (404) 562-6909/6910

In the matter of:

Charge No.:110A10465

Jonathan B. Collins                                    Charging Party
116 Forest Cove Drive
Morganton, GA 30560


Fulton County Board of Education          Respondent
786 Cleveland Avenue, SW
Atlanta, GA 30315


EXECUTED AGREEMENT


Enclosed is the fully executed Agreement reached in the above-reference charge. The effective date is the date approved by the District Director of the Atlanta District Office, on behalf of the Commission. All provisions contained therein are effective upon that date.

Sincerely,

MARCH 20, 2001
_____
Date

Eric M. Brinson
Federal Investigator

404-562-6856


Enclosure:    Agreement